IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO NAVARRO,<br>Plaintiff;<br><br>v.<br><br>THE CITY OF AURORA, ILLINOIS, a municipal corporation; AURORA POLICE OFFICER CLARK JOHNSON,<br>Defendant. | ) | Case No.<br>JURY TRIAL DEMANDED |

COMPLAINT

Plaintiff, by his undersigned counsel, complains against Defendants as follows:

1. This is a civil rights action involving federal questions under the United States Constitution, particularly the First and Fourteenth Amendments, and the Civil Rights Act of 1871, 42 U.S.C. §1983, challenging the actions of Defendant City of Aurora, Illinois (hereafter, "Aurora") and its agent, Officer Johnson, with respect to Plaintiff's expressive activities on the public easement which passes in front of the Planned Parenthood abortion facility in Aurora. Plaintiff seeks a declaration that the Defendant Officer's actions in seizing and arresting him while he peacefully sidewalk counseled prospective abortion clinic patients on the public easement violated the First and Fourth and Fourteenth Amendments to the United States Constitution, as well as breaching a settlement agreement made on behalf of said anti-Planned

Parenthood sidewalk counselors back in 2010, and Plaintiff seeks a permanent and preliminary injunction prohibiting Aurora and its police from doing such acts again.

2. In addition to declaratory and injunctive relief, Plaintiffs seek damages for the past violations of their First, Fourth, and Fourteenth Amendment rights.

3. Plaintiff Troy Buccini is a resident of Aurora, Illinois, which sits in DuPage, Kane, Kendall, and Will Counties.

4. Defendant City of Aurora is an Illinois municipality which sits in DuPage, Will, Kane, and Kendall Counties. Officer Clark Johnson was employed by and an agent of the City of Aurora at the time of the events at issue in this case.

5. Jurisdiction and Venue are proper in this district pursuant to 28 U.S.C. § 1391(b) because the Parties all are situated and reside in this district and all of the acts described in this Complaint occurred in this district.

6. This Court has original jurisdiction over these federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

7. This Court has supplemental jurisdiction over the state law claims made pursuant to 28 U.S.C. § 1367. This Court has authority to award the requested damages pursuant to 28 U.S.C. § 1343; and costs and attorney's fees under 42 U.S.C. §1988.

8. On November 16, 2019, Plaintiff went to the public easement in front of Planned Parenthood intending to sidewalk counsel prospective abortion patients, hand out Christian pro-life literature, and engage in conversation with willing persons entering the abortion clinic about the scientific, physical, and emotional dangers and evil of abortion, as well as the Biblical basis for such moral beliefs against abortion.

9. Soon after Plaintiff began this, the Defendant Officer Clark unlawfully ordered Plaintiff to move from the easement, and when Plaintiff asserted his right to be present there, arrested and detained the Plaintiff, and issued a citation for "Disobeying a peace officer" (625 ILCS 5/11-203). Later the officer signed a misdemeanor complaint against Plaintiff for "Obstructing a peace officer" (720 ILCS 5/31-1)

10. Such arrest was in violation of the Settlement Agreement (SA) made between representative pro-life organizations and the City of Aurora in 2010, in a case litigated before this Court, namely Case No. 2001-CV-4803, FOX VALLEY FAMILIES AGAINST PLANNED PARENTHOOD, an unincorporated association, PRO-LIFE ACTION LEAGUE, INC., an Illinois not-for-profit corporation, and ERIC SCHEIDLER, vs. CITY OF AURORA, a municipal corporation, said SA stating in pertinent part at page 5:

"Before a party brings any action to the Court, the grievant shall provide the other party with a written statement of the grievance and allow seven (7) calendar days for resolution of the problem, unless there is an emergency requiring immediate court relief. No court action shall be commenced until

after the seven (7) day period has concluded. If, following the initiation of court action and before the Court enters a ruling, the grievance is resolved between the parties, the grievant shall withdraw the court action with each side assuming its own costs."

11. Section V of the SA states as follows:

"The following procedures shall be followed on the occasions in which viable complaints of local ordinance violations are raised against anti-Planned Protesters, anti-abortion counselors or prayer vigil participants:
A. If the individual against whom a complaint is raised has no serious criminal history, then the complaint will be treated as a local ordinance violation.
B. A complaint shall be subject to the grievance procedures set forth in Section III of this Agreement and no citation will be issued pending the outcome of the grievance process.
C. The liaisons and party representatives shall convene a meeting within seven days of the alleged ordinance violation in order to attempt to resolve the matters that resulted in the issuance of a complaint."

And on page 12 of the SA:

"The City agrees that it will not arrest anti-Planned Parenthood protesters or anti- abortion counselors or prayer vigil participants for trespassing on the Planned Parenthood side of the access road—an area running from the west side of Oakhurst Drive to the northwest corner of the property owned by Planned Parenthood—absent direction from proper authority (over the private property of the common areas)."

The SA is attached to this Complaint as Exhibit 1.

12. Plaintiff pled not guilty to the charge on December 17, 2019, and was relentlessly prosecuted over the course of two (2) years by the City of Aurora, even after the misdemeanor complaint for "Obstructing a peace officer" was dismissed by the DuPage County Court on January 20, 2021.

13. The City and the Defendant Officer violated the agreement when the the Officer arrested Navarro while he was engaged in protesting at the

Planned Parenthood facility, rather than engaging in the grievance procedures outlined in Sections III and V of the SA.

14. The City and the Defendant Officer violated the agreement by prosecuting Plaintiff in court over the course of nearly two (2) years, for constitutionally protected activity while engaged in protesting at the Planned Parenthood facility, rather than engaging in the grievance procedures outlined in Sections III and V of the SA.

15. The City and the Defendant Officer violated the SA when it would not allow Navarro to protest and sidewalk counsel on the access road (public easement) which passes in front of Planned Parenthood to get from the public street to the shopping complex.

16. Page 12 of the Agreement states:

"The City agrees that it will not arrest anti-Planned Parenthood protesters or anti-abortion counselors or prayer vigil participants for trespassing on the Planned Parenthood side of the access road—an area running from the west side of Oakhurst Drive to the northwest corner of the property owned by Planned Parenthood—absent direction from proper authority (over the private property of the common areas)."

17. Navarro was and is an "anti-Planned Parenthood protesters or anti-abortion counselors or prayer vigil participants" and was "on the Planned Parenthood side of the access road," and thus covered by the SA. In attempting to prohibit and then arresting him in this matter for being on the Planned Parenthood side of the access road, the City has violated the agreement.

18. And as the citation states, the Complainant was the arresting officer, Johnson, and not any representative of Planned Parenthood or any other owner of property along the access road, so Officer Johnson had no "direction from proper authority (over the private property of the common areas" to arrest Navarro when he was on the Planned Parenthood side of the access road. At no time did any "owner or occupant" of Planned Parenthood or any other business notify Plaintiff of being unlawfully on their private property. Only the arresting officer made this claim.

19. Further, on June 5, 2020, a "Superseding Information" was filed charging Plaintiff with "Disobeying a peace officer" (625 ILCS 5/11-203). A bench trial was held on this charge on March 23, 2021, and Defendant was found guilty and sentenced to one day of court supervision with fine and costs totaling $276.00, which was terminated satisfactorily.

FIRST CAUSE OF ACTION
Violation of the rights of Freedom of Religion, Speech and of the Press Under the First Amendment to the U.S. Constitution: All Defendants

20. Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 1-19 above.

21. The public ways and sidewalks where Plaintiffs were, and from which they were told to leave, being a public easement, constitute a traditional public forum.

22. Plaintiff's pro-life political and religious speech lies at the core of the

First Amendment.

23. Defendants' directives against Plaintiffs' religious speech on the public sidewalk, and disparaging of the same based on its content, and retaliation against Plaintiff for asserting his rights, violates the First Amendment on its face and as applied because it prohibits speech and expressive activities of Plaintiff and third parties not before the Court in the allegedly restricted areas, which are traditional public fora.

24. Insofar as the Defendants are trying to restrict all speech on public easements, such a directive is overbroad on its face and as applied because it prohibits all speech on public easements, even those that have had no expressive activities or difficulties of any kind in the past or that are unrelated to abortion.

25. The Defendants' directive is overbroad on its face and as applied because it prohibits most First Amendment protected leafleting and sidewalk counseling, which is directed towards recipients who have not refused consent.

26. Because the aforementioned directive is an unconstitutionally overbroad restriction on expressive activity, it restricts more speech than necessary to achieve any governmental interest.

27. The directive is an unconstitutional content-based restriction on speech because it targets certain categories of speech; that is, passing a leaflet or

handbill, displaying a sign, or engaging in verbal protest, education, or counseling against abortion.

28. The directive is an unconstitutional content- and viewpoint-based restriction, because it was applied so as to restrict pro-life speech.

29. The directive discriminates on its face and as applied against Plaintiff and others by prohibiting them from engaging in speech and other expressive activities in traditional public fora based solely upon the pro-life content and viewpoint of their speech.

30. The directive is an unconstitutional content- and viewpoint-based restriction on expression because it requires government officials, pursuant to unbridled discretion, to determine what speech and speakers within Aurora are restricted on public sidewalks.

31. The directive is an unconstitutional content-based restriction on expression because it unlawfully discriminates based on the content of the message conveyed. Public expression concerning labor relations free of government regulation under the Illinois Labor Dispute Act, 820 ILCS 5/1 – 1.5, and therefore speech related to labor relations is exempted, while speech related to abortion is severely restricted.

32. No compelling, substantial, or even legitimate governmental interest exists to justify the directive's restrictions on speech in traditional public fora.

33. The directive is not the least restrictive means to accomplish any permissible purpose sought to be served by Aurora, and it restricts substantially more speech than necessary.

34. The directive is not narrowly tailored to serve any asserted interest of Aurora.

35. Plaintiff's effective communication of his message requires a personal approach to persons on the public ways, in this case a public easement, and the directive completely forecloses this method of communication.

36. Plaintiff has no adequate remedy at law for the violation of his federal constitutional rights.

WHEREFORE, Plaintiff respectfully requests the Court to grant the relief set forth hereinafter in the prayer for relief.

SECOND CAUSE OF ACTION
Violation of Due Process Under the Fourteenth Amendment to the U.S. Constitution: All Defendants

37. Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 1-36 above.

38. The Defendants' directive against Plaintiff's presence and speech on the public sidewalk is an unconstitutionally vague restriction on speech on its face and as applied because it fails to adequately advise, notify, or inform persons subject to prosecution under its terms of its requirements, including the requirement as to what activities constitute an unlawful approach to

persons (many of whom are willing to be approached) and what is a public easement.

39. The directive is an unconstitutionally vague restriction on speech on its face and as applied because it fails to provide fair notice and warning to individuals as to when and under what circumstances the consent requirement applies and is satisfied.

40. The directive is unconstitutionally vague because it lacks any standards or criteria to guide those charged with enforcing it and thus gives government officials unbridled discretion to determine which speech activities are, and which are not, permissible.

41. The directive is an irrational and unreasonable policy, which imposes irrational and unreasonable restrictions on the exercise of Plaintiff's constitutional rights.

42. Aurora does not have a compelling, or even rational, reason to prevent Plaintiff from engaging in his constitutionally protected speech and expressive activities.

43. The directive violates Plaintiff's due process rights on its face and as applied in violation of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

## THIRD CAUSE OF ACTION
## Violation of the Fourth Amendment to the U.S. Constitution: False Arrest, Unlawful Detention, Malicious Prosecution: All Defendants

44. Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 1-43 above.

45. Officer Johnson illegally seized the Plaintiff and detained him, and without probable cause or reasonable suspicion to believe he was were committing a crime, in light of the Settlement Agreement and the First Amendment as it pertains to public easements.

46. The Defendant Officer at all times relevant hereto, was employed as police officers by the City of Aurora, and were on duty and acting within the course and scope of their employment as a police officers.

47. Defendant, under color of state law, maliciously and in bad faith caused Plaintiff to be prosecuted for "Obstructing a peace officer," and after this was dismissed, "Disobeying a peace officer," in violation of his Fourth and Fourteenth Amendment rights.

48. The proceedings terminated in Plaintiff's favor, the "Obstructing" charge having been dismissed prior to trial, and the "Disobeying" charge having been dismissed as a result of Plaintiff successfully terminating supervision.

49. Defendants' actions violate Plaintiff's Fourth and Fourteenth Amendment rights facially and as applied.

WHEREFORE, Plaintiff respectfully prays that the Court grant the relief

set forth hereinafter in the prayer for relief.

FOURTH CAUSE OF ACTION
Malicious Prosecution: All Defendants

50. Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 1-49 above.

51. Defendant, under color of state law, maliciously and in bad faith caused Plaintiff to be prosecuted for "Obstructing a peace officer," and after this was dismissed, "Disobeying a peace officer," in violation of his Fourth and Fourteenth Amendment rights.

52. The proceedings terminated in Plaintiff's favor, the "Obstructing" charge having been dismissed prior to trial, and the "Disobeying" charge having been dismissed as a result of Plaintiff successfully terminating supervision.

53. Defendants lacked probable cause to maintain the proceedings, in light of the SA and the First Amendment as it pertains to public easements.

54. The Defendants acted with malice in commencing and maintaining and participating in the proceedings against Plaintiff, as evidenced by their willful disregard of the SA and relentless pursuit of said proceedings against Plaintiffs over the course of two (2) years.

56. Said malicious prosecution caused damages to Plaintiff including attorneys' fees and multiple trips to court, and a chill on his exercise of First Amendment rights.

WHEREFORE, Plaintiff respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

FIFTH CAUSE OF ACTION
Breach of Settlement Agreement: All Defendants

57. Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 1-56 above.

58. The SA is a valid and enforceable contract between Defendants and representative Plaintiffs in this Court's Case No. 2007-CV-4803, resolving the case and causing each or the parties to release their claims pending at the time of settlement.

59. Plaintiffs in the instant case are intended third-party beneficiaries of the SA, as evidenced by the following section on page 12:

"The City agrees that it will not arrest ***anti-Planned Parenthood protesters or anti-abortion counselors or prayer vigil participants*** for trespassing on the Planned Parenthood side of the access road—an area running from the west side of Oakhurst Drive to the northwest corner of the property owned by Planned Parenthood—absent direction from proper authority (over the private property of the common areas)." Emphasis added.

60. Defendants breached the above section of the SA by arresting Plaintiff, who was and is an "anti-Planned Parenthood protester... anti-abortion counselor...[and] prayer vigil participant" who was lawfully on the public easement in question when he was arrested for criminal trespass.

61. The Agreement further states on pages 13—14 that before any citations can be issued with respect to anti—Planned Parenthood protesters

on the Planned Parenthood side of the access road, the grievance process (discussed above) must first be exhausted. Again, this was not done, which constitutes a breach of the SA on the part of Defendants.

62. Plaintiff performed his obligations under the contract by seeking, unsuccessfully, to follow the grievance procedure; Defendants declined to submit to said grievance procedure and continued to prosecute Defendants even after being confronted with the SA by Plaintiff (Plaintiff filed a Motion to Dismiss the criminal charge prior to trial on the same).

63. Said breach of the SA caused damages to Plaintiff including attorneys' fees and multiple trips to court and a chill on his exercise of First Amendment rights.

WHEREFORE, Plaintiff respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

SIXTH CAUSE OF ACTION
Local Government Immunity: City of Aurora

64. Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 1-63 above.

65. The acts of the Defendant Officer described in the above claims were willful and wanton, and committed in the scope of employment.

66. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Aurora is liable for any judgments in this case arising from

the individual Defendants' actions.

WHEREFORE, Plaintiff respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

SEVENTH CAUSE OF ACTION
Unconstitutional Policy and Custom: City of Aurora

67. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-66 above.

68. The acts of the Defendant Officer described in the above claims were committed under color of law and pursuant to a policy and custom of violating the First, Fourth, and Fourteenth Amendment rights of Plaintiffs, as evidenced by patterns of said violations, to wit, arrests of "anti-Planned Parenthood protesters... anti-abortion counselors...[and] prayer vigil participants" who were lawfully on the public easement in question when they were arrested, and threatening others into giving up their First Amendment rights to protest, pray, or sidewalk counsel on the public easement.

69. In addition, the acts of the Defendant Officer described in the above claims were committed under color of law and pursuant to a policy and custom of violating the First, Fourth, and Fourteenth Amendment rights of Plaintiffs, as evidenced by policy makers of the City of Aurora breaching the SA by declining to engage in the grievance process outlined in the SA, and declining to settle the criminal cases and dismiss the criminal charges

against Plaintiffs, and persisting in prosecuting plaintiffs even to the point of appealing the dismissal of the criminal cases.

WHEREFORE, Plaintiff respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

## EIGHTH CAUSE OF ACTION
## Declaratory Judgment: City of Aurora

70. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-69 above.

71. Pursuant to 28 U.S.C. § 2201, the Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

72. The Plaintiff and others similarly situated face the continuing threat of arrest and prosecution for exercising First Amendment rights unless and until the Court declares the Defendants' breach of and wrongful application of the SA unconstitutional.

73. The Plaintiff respectfully requests that the Court enter a declaratory judgment determining that the Defendants' application of the SA in a manner allowing them to prohibit Plaintiffs and other "anti-Planned Parenthood protesters... anti-abortion counselors...[and] prayer vigil participants" from engaging in protesting, sidewalk counseling, prayer, and other constitutionally protected activity, and arresting and prosecuting for the same (or threatening such) on any part of the public access road

easement adjacent to Planned Parenthood, is in breach of the SA and is unconstitutional as violative of the First, Fourth, and Fourteenth Amendments.

## CONCLUSION

WHEREFORE, the Plaintiff respectfully requests the Court to:

(a) declare the City of Aurora's application of the SA as prohibiting anti-Planned Parenthood protesters, sidewalk counselors, and prayer vigil participants from engaging in constitutionally protected activity on the public access easement adjacent to Planned Parenthood of Aurora as invalid and unenforceable because it is unconstitutional and in breach of the SA;

(b) and entering against all Defendants as well as compensatory, nominal, and exemplary damages and attorney's fees pursuant to 42 U.S.C. §1988 and any and all other applicable statutory provisions, permanent injunctive relief against Defendants, and for any and all other relief this Court deems just.

PLAINTIFFS DEMAND TRIAL BY JURY.

Respectfully submitted,

s/Jason R. Craddock
Law Office of Jason R. Craddock
2021 Midwest Rd., Ste. 200
Oak Brook, IL 60523
Phone: 708-946-4973
Email: craddocklaw@icloud.com or cradlaw1970@gmail.com