**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARIO NAVARRO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 21 CV 06288** |
| **v.** | ) | |
| **CITY OF AURORA, ILLINOIS, a municipal corporation; AURORA POLICE OFFICER CLARK JOHNSON,** | ) | **Honorable Judge Gary Feinerman** |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |

**DEFENDANTS' REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR MOTION TO DISMISS**

## ARGUMENT

### A. Plaintiff's Federal Constitutional Claims Arising Out of the 2019 Arrest Are Barred By the Statute of Limitations. Plaintiff's "Continuing Violation" Argument is Without Merit.

Plaintiff's complaint (Doc. # 1) concerns a single incident: the November 16, 2019 arrest of Navarro. As set forth in the defense motion to dismiss and supporting memorandum, the Court make judicially notice that Plaintiff was released on the same day as his arrest. The complaint was filed on November 23, 2021, which is more than two years after his arrest and release (NOTE: the defense memorandum, Doc. 11 at p.1, incorrectly lists the arrest date as 2021, not 2019. The undersigned apologizes to the Court and counsel for this typo).

Plaintiff does not dispute these facts. Nor does Plaintiff's minimalist response to the defense Section 1983 statute of limitations argument arising out of the 2019 arrest (Doc. # 15 at 3-6) dispute the defense observation that in a Section 1983 action arising out of an arrest, a claim for "unlawful pretrial detention accrues upon the Plaintiff's release from detention, and not upon the favorable termination of the charges against the Plaintiff." *Smith v. City of Chicago*, 3 F.4th

332, 339 (7th Cir. 2021). See also, *Lindsley v. Rodriguez*, 2022 WL 44099 (N.D. Ind. 2022) at * 4, emphasizing that the date of dismissal of the underlying charges "has no independent constitutional significance," citing *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018).

Instead, Plaintiff attempts to finesse the statute of limitations by arguing that there was a continuing constitutional violation, not because of what any of the Defendants did, but because of what they didn't do, i.e., they didn't dismiss the 2019 charges. After setting forth a lengthy box quote from *Bernard v. Scott*, 501 F. Supp. 3d 611, 621-22 (N.D. Ill. 2020), Plaintiff makes two separate assertions, both of which are unsupported by any case law authority or meaningful analysis.

First, Plaintiff argues that the Defendant [police officers] "had the power to remedy the continuing violations of Plaintiff's . . . rights by rescinding the order" relating to sidewalk counseling against abortion. Based on that assertion, Plaintiff claims that the "First Amendment violation claims in the first count are not time barred." (pg. 5). Second, Plaintiff argues that the amended complaint includes "First Amendment retaliation claims which extend to March 23, 2021 [the date Plaintiff was found guilty] less than a year before the initial complaint was filed." (pg. 5).

This argument is without merit, as most recently illustrated by the precisely on-point decision in *Towne v. Donnelly*, 2021 WL 3022327 (N.D. Ill. 2021). Plaintiff Towne was a former State's Attorney who alleged that defendants, including his successor elected official, as a form of political retaliation, procured Plaintiff's indictment on criminal charges in September 2017. As in this case, Plaintiff was "immediately released" on bond after his indictment. The Plaintiff filed a First Amendment retaliation claim more than two years after the date of the indictment – release. *Id.* at *4 – * 5.

"At issue is when Towne's First Amendment political retaliation claim accrued." *Id.* at * 7. Relying on *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2006) ("The statute of limitations clock begins to run on First Amendment retaliation claims immediately after the retaliatory act occurred"), the Court then applied the normal rule of accrual, which is that the statute of limitation begins to run "when Plaintiff has a complete and present cause of action; that is, when the Plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The district court concluded: "Under the standard, a First Amendment claim accrues when the retaliatory action occurred, namely, when Towne was charged with criminal offenses, because Towne 'knew or should have known' that Defendants' actions violated his First Amendment rights," citing *Gekas* at 814 F.3d 894.

These principles compel the dismissal of all Section 1983 constitutional claims arising out of the 2019 arrest. Plaintiff knew or should have known that he had the basis for a claim as soon as he was charged and released. That's when the statute of limitations for his constitutional claims began to run. The Court should reject Plaintiff's attempt to misapply the law relating to the statute of limitations.

This principle is not complicated. Section 1983 creates "a species of tort liability [for] the deprivation of any rights, privileges, or immunities secured by the Constitution." *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976); *Manuel v. City of Joliet*, ____ U.S. ____, 137 S. Ct. 911, 916 (2017). Regardless of whether Plaintiff claims his arrest was made in retaliation for the exercise of First Amendment rights, or simply based on lack of probable cause, the tort was complete once the Plaintiff's detention pursuant to the arrest ended.

Therefore, Plaintiff's First Amendment and Fourteenth Amendment constitutional claims arising out of the 2019 arrest are time barred. In this regard, Plaintiff's claim that his Fourth

Amendment claim is one "sounding in malicious prosecution" because of the "relentless litigation from which they were exonerated.[1]" Doc. 15 at 6. As discussed above, a "Section 1983 malicious prosecution" action is not viable. *Savory v. Cannon*, 532 F. Supp. 3d 628, 637 (N.D. Ill. 2021) ("Defendants correctly contend that no malicious prosecution claim may be grounded in the federal constitution or pursued under Section 1983").

Plaintiff also completely ignores Defendants' arguments regarding collateral estoppel. To the extent he contends a disposition of supervision is not an adjudication on the merits for purposes of collateral estoppel, he is incorrect. An adjudication of guilt preceding a disposition of supervision bars any civil action by a party against the officers involved in his arrest where a judgment in his favor would, in effect, question the validity of his prior convictions. *Mederich v. City of Chi*., No. 16 CV 481, 2017 U.S. Dist. LEXIS 104097, at *19-20 (N.D. Ill. July 6, 2017). As stated by the Court and applicable here, "There should only be one resolution of the facts underlying [Plaintiff's] convictions – and that occurred in his criminal case." *Id.*

Accordingly, Defendants respectfully submit that the federal constitutional claims arising out of the 2019 arrest be dismissed with prejudice as being time barred and pursuant to the doctrine of collateral estoppel.

**B. Plaintiff Has Conceded That All of His Other Claims Are Cognizable, If At All, Solely Under State Law. These Claims Should be Dismissed Without Prejudice.**

Plaintiff's response relies entirely upon his flawed "continuing violation" attempt to resurrect his time-barred 2019 federal constitutional claims. He makes no independent response to the various defense arguments to the effect that all of the other claims in the amended complaint

[1] Plaintiff was not, in fact, exonerated. Plaintiff was found guilty of disobeying a police officer after trial on March 23, 2021 (Doc. #1 ¶ 19).

are cognizable, if at all, under Illinois law. See Doc. # 15 at 7 ("Based on the above arguments against dismissal of the federal claims, the supplemental state claims should not be dismissed").

Plaintiff has failed to respond to any of these various defense arguments, and such "[f]ailure to respond to an argument . . . results in waiver." *Bonte v. U.S. Bank*, 624 F.3d 461, 466 (7th Cir. 2010); *Cox v. City of Indianapolis*, 2021 WL 734265 (S.D. Ind. 2021) at * 58 ("Ms. Cox failed to respond to Defendants' argument and has therefore waived any argument to the contrary").

Should the Court dismiss the federal claims with prejudice, Defendants further submit that the Court decline to exercise supplemental jurisdiction over the various state law claims and dismiss those claims without prejudice. Once again, *Towne v. Donnelly, supra* at * 14, is instructive. "Because the Court is granting Defendant's motion to dismiss Towne's constitutional claims with prejudice – over which the Court has original subject matter jurisdiction – the Court in its discretion declines to exercise its supplemental jurisdiction over Towne's state law claims of malicious prosecution, intentional infliction of emotional distress, indemnification and conspiracy under Illinois law pursuant to 28 U.S.C. § 1367(c)(3)," citing *Black Bear Sports Group, Inc. v. Amateur Hockey Association of Illinois, Inc.*, 962 F.3d 968, 972 (7th Cir. 2020) ("Because the federal claim fails, any state-law claims belong in state court").

Respectfully submitted,

CITY OF AURORA, et al., Defendants

By: /s/ John B. Murphey
John B. Murphey, Their Attorney

John B. Murphey
Odelson, Sterk, Murphey, Frazier & McGrath, Ltd.
Attorneys for Defendants
3318 West 95th Street
Evergreen Park, Illinois 60805
Tel. (708) 424-5678
jmurphey@osmfm.com

**CERTIFICATE OF SERVICE**

I, John B. Murphey, an attorney, hereby certify that I served the foregoing **Defendants' Reply Memorandum of Law in Support of Their Motion to Dismiss,** on all parties of record through the Court's CM/ECF filing system on February 16, 2022, which will send notification of said filing to all parties of record.

/s/John B. Murphey

John B. Murphey
Odelson, Sterk, Murphey, Frazier & McGrath, Ltd.
Attorneys for Defendants
3318 West 95th Street
Evergreen Park, Illinois 60805
Tel. (708) 424-5678
jmurphey@osmfm.com