UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO NAVARRO, | ) | |
| | ) | |
| Plaintiff, | ) | 21 C 6288 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| THE CITY OF AURORA, ILLINOIS, and CLARK JOHNSON, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Mario Navarro brings this suit against the City of Aurora and Aurora police officer Clark Johnson, alleging violations of 42 U.S.C. § 1983 and Illinois law. Doc. 1. Defendants move under Civil Rule 12(b)(6) to dismiss the complaint. Doc. 10. The motion is granted as to the federal claims and the court exercises its discretion to relinquish its supplemental jurisdiction over the state law claims, though Navarro will be given a chance to replead.

**Background**

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Navarro's brief opposing dismissal, so long as those facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Navarro as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth the

1

facts at the pleading stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

On November 16, 2019, Navarro went to the Planned Parenthood facility in Aurora "to sidewalk counsel prospective abortion patients, hand out Christian pro-life literature, and engage in conversation with willing persons entering the abortion clinic about the scientific, physical, and emotional dangers and evil of abortion, as well as the Biblical basis for such moral beliefs against abortion." Doc. 1 at ¶ 8. Officer Johnson ordered Navarro to move from the easement in front of the facility. *Id*. at ¶ 9. Navarro refused, and Officer Johnson arrested and charged him with disobeying a peace officer and obstructing a peace officer. *Ibid*.

In January 2020, the state court dismissed the obstruction charge. *Id*. at ¶ 12. In June 2020, the City filed a superseding information charging Navarro with disobeying a peace officer. *Id*. at ¶ 19. In March 2021, Navarro was found guilty of disobeying a peace officer and sentenced to one day of court supervision and a fine. *Ibid*. He filed this suit on November 23, 2021. Doc. 1.

## Discussion

### I.  Section 1983 Claims

The complaint alleges that Defendants violated Navarro's First, Fourth, and Fourteenth Amendment rights. *Id*. at ¶¶ 20-49, 67-73.

#### A.  First Amendment

Navarro claims that Defendants' "directive against [his] religious speech"—which the complaint identifies as Officer Johnson's instruction to Navarro to move from the easement in front of Planned Parenthood—is an overbroad content- and viewpoint-based restriction that violates the First Amendment. Doc. 1 at ¶¶ 23-31. The claim is time-barred.

2

"In Illinois, the statute of limitations period for § 1983 claims is two years, and the claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated." *Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011). Navarro knew or should have known that his rights may have been violated on November 16, 2019, the day Officer Johnson gave the "directive." Doc. 1 at ¶ 8. Navarro filed this suit on November 23, 2021, more than two years later. It follows that any First Amendment claim based on Officer Johnson's "directive" must be dismissed. *See Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) ("It is true that, 'if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground.'") (quoting *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015)); *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) ("While a statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."). If Navarro wishes to bring a First Amendment claim regarding some other "directive," he may file an amended complaint clearly identifying that directive.

Navarro also alleges that he was arrested in retaliation for exercising his First Amendment rights. Doc. 1 at ¶ 23. "The presence of probable cause … generally defeat[s] a First Amendment retaliatory arrest claim[,]" except where "a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1726-27 (2019). Navarro ultimately was convicted for disobeying a peace officer, Doc. 1 at ¶ 19, so his arrest indisputably was supported by probable cause. *See Sims v. Lucas*, 19 F.3d 1436 (7th Cir.

3

1994) ("The conviction estops plaintiff from reasserting a lack of probable cause for the arrest, so there was probable cause to arrest plaintiff.") (internal citation omitted); *Rykard v. Kinnett*, 48 F.3d 1222 (7th Cir. 1995) ("[A] plaintiff's previous conviction collaterally estops the plaintiff from reasserting a lack of probable cause.") (quoting *Currier v. Baldridge*, 914 F.2d 993, 996 (7th Cir. 1990)). Given this, it does not matter that Navarro was arrested on a charge (obstructing a peace officer) that later was dismissed. *See Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007) ("[P]robable cause to believe that a person has committed *any* crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause … ."). And the exception articulated in *Nieves* does not apply because Navarro does not allege that other similarly situated individuals who had not engaged in the same sort of protected speech were not arrested.

    B.    **Fourth Amendment**

Navarro asserts false arrest and malicious prosecution claims under the Fourth Amendment. Doc. 1 at ¶¶ 44-49. "To succeed [on a Fourth Amendment false arrest] claim, [Navarro] must prove that [Officer Johnson] lacked probable cause to arrest him." *See Mucha v. Vill. of Oak Brook*, 650 F.3d 1053, 1056 (7th Cir. 2011). Likewise, "[t]he gravamen of the Fourth Amendment claim for malicious prosecution … is the wrongful initiation of charges without probable cause." *Thompson v. Clark*, 142 S. Ct. 1332, 1337-38 (2022). As shown above, Navarro's conviction for disobeying a peace officer demonstrates probable cause for his arrest. Moreover, "[t]o maintain [a malicious prosecution] claim under § 1983, a plaintiff … must demonstrate, among other things, that he obtained a favorable termination of the underlying criminal prosecution." *Thompson*, 142 S. Ct. at 1335 (2022). Navarro cannot demonstrate that element in light of his conviction. Doc. 1 at ¶ 19. It follows that Navarro's Fourth Amendment claims fail.

4

Navarro does not contend that, despite his conviction for disobeying a peace officer, he still has a viable malicious prosecution claim as to the obstruction charge. In fact, as Defendants' correctly note, Doc. 16 at 4, Navarro failed to respond to any of their collateral estoppel arguments. As a result, Navarro forfeits any argument he might have made to preserve any malicious prosecution claim arising specifically from the obstruction charge. *See Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) ("[A] party generally forfeits an argument or issue not raised in response to a motion to dismiss.").

### C. Fourteenth Amendment

Navarro claims that Defendants' "directive" is unconstitutionally vague in violation of the Due Process Clause. Doc. 1 at ¶¶ 37-43. There is no vagueness problem here, as Officer Johnson's directive—vacate the easement in front of the Planned Parenthood facility in Aurora—was perfectly clear. Again, if Navarro wishes to bring a due process claim regarding some other "directive," he may file an amended complaint clearly identifying that directive.

Navarro also asserts a malicious prosecution claim under the Fourteenth Amendment. Doc. 1 at ¶ 49. Prior to the Supreme Court's decision in *Thompson*, Seventh Circuit precedent held that a plaintiff subject to a prosecution in Illinois could not bring a malicious prosecution claim under the Fourth or the Fourteenth Amendments. *See Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014) ("Malicious prosecution is not by itself an infringement on the constitutional right to due process under the Fourteenth Amendment."); *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011) ("Federal courts are rarely the appropriate forum for malicious prosecution claims. We have previously stated that individuals do not have a federal right not to be summoned into court and prosecuted without probable cause, under either the Fourth Amendment or the Fourteenth Amendment's Procedural Due Process Clause.") (internal citation and quotation marks omitted); *cf. Julian v. Hanna*, 732 F.3d 842, 848 (7th Cir. 2013) (holding

5

that constitutional malicious prosecution claims can be brought in Indiana). *Thompson* overruled that precedent as to the Fourth Amendment, but not the Fourteenth Amendment. Navarro's Fourteenth Amendment malicious prosecution claim accordingly is dismissed.

### D. *Monell* Claim

Navarro's *Monell* claim alleges that Officer Johnson's actions were "pursuant to a policy and custom of violating the First, Fourth and Fourteenth Amendment rights of Plaintiffs." Doc. 1 at ¶¶ 67-69; *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Because Navarro's First, Fourth, or Fourteenth Amendment rights were not violated, he has no viable *Monell* claim against the City. *See Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014) ("[I]f no constitutional violation occurred in the first place, a *Monell* claim cannot be supported.").

## II. State Law Claims

Navarro also bring state law claims. Doc. 1 at ¶¶ 50-66. Because the parties are not of diverse citizenship, the only basis for jurisdiction over these claims is the supplemental jurisdiction under 28 U.S.C. § 1367(a). Section 1367(c)(3) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining [supplemental] state claims." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *see also Dietchweiler ex rel. Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016) (same). The court will follow that general rule here. *See Phillips v. Baxter*, 768 F. App'x 555, 560 (7th Cir. 2019) ("As to the state-law claims, after dismissing [the plaintiff's] federal claims at such an early stage of litigation, the district court should have followed the presumption of relinquishing jurisdiction over them."); *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 285

6

(7th Cir. 2007) (holding that the district court properly relinquished supplemental jurisdiction over the plaintiff's state law claims "given the fact that her federal claims were dismissed at such an early stage on a purely legal ground").

## Conclusion

Navarro's federal claims are dismissed under Rule 12(b)(6), and the court relinquishes supplemental jurisdiction over his state law claims under 28 U.S.C. § 1367(c)(3). The dismissal of the federal claims and relinquishment of jurisdiction over the state law claims are without prejudice to Navarro filing an amended complaint that repleads all his claims. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily, … a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed."). Navarro has until July 6, 2022 to file an amended complaint. If he does not do so, the dismissal of the federal claims will convert automatically to a dismissal with prejudice, jurisdiction will be relinquished over the state law claims, and judgment will be entered. If Navarro files an amended complaint, Defendants will have until July 20, 2022 to file a responsive pleading.

June 6, 2022

_____
United States District Judge