UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO NAVARRO, | ) | |
| | ) | |
| Plaintiff, | ) | 21 C 6288 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| THE CITY OF AURORA, ILLINOIS, a municipal corporation, CLARK JOHNSON, OFFICER WHITFIELD, SERGEANT MOSS, and UNKNOWN OFFICERS A, B, C, D and E, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Mario Navarro brought this suit against the City of Aurora and Aurora police officer Clark Johnson, asserting claims under 42 U.S.C. § 1983 and state law. Doc. 1. The City and Johnson moved to dismiss under Civil Rule 12(b)(6), Doc. 10, and the court granted the motion, dismissing the complaint without prejudice, Docs. 20-21 (reported at 2022 WL 1988990 (N.D. Ill. June 6, 2022)). Navarro filed an amended complaint, naming several more Aurora police officers as defendants. Doc. 23. Defendants again move to dismiss under Rule 12(b)(6), Doc. 26, while Navarro moves for leave to file instanter an untimely brief opposing dismissal, Doc. 36. Navarro's motion for leave to file is denied, and Defendants' motion to dismiss is granted in part and denied in part.

### Background

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred

1

to in it, and information that is subject to proper judicial notice," along with additional facts set forth in the plaintiff's opposition brief, so long as those facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to the plaintiff as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth the facts at the pleading stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

On November 16, 2019, Navarro stood on a public easement outside a Planned Parenthood clinic in Aurora, Illinois. Doc. 23 at ¶ 8. While on the easement, Navarro counseled prospective abortion patients, handed out Christian pro-life literature, and engaged in Christian preaching and conversation. *Ibid*. Officer Johnson approached Navarro and asked him to move from the easement. *Id*. at ¶ 9. Johnson did not ask the same of others on the easement who were not opposing abortion or preaching the Christian gospel. *Id*. at ¶ 20.

Navarro refused Johnson's order to move and asserted his right to remain on the easement. *Id*. at ¶ 9. Johnson arrested Navarro and issued him a citation for disobeying a peace officer under 625 ILCS 5/11-203. Doc. 23 at ¶ 9. In March 2021, an Illinois court found Navarro guilty of the charge and sentenced him to one day of court supervision and imposed costs and a fine totaling $276. *Id*. at ¶ 19. Johnson also issued a complaint against Navarro for obstructing a peace officer under 720 ILCS 5/31-1, Doc. 23 at ¶ 9, but the state court dismissed that charge, *id*. at ¶ 12.

On two subsequent occasions, Aurora police officers again ordered Navarro to move from the public easement in front of the Planned Parenthood clinic. *Id*. at ¶¶ 4, 21-22. On December 22, 2021, Officer Whitfield and Sergeant Moss ordered Navarro to move from the

easement while he was preaching and attempting to dissuade others from entering the clinic. *Id.* at ¶ 21. On April 16, 2022, five unidentified Aurora police officers (Unknown Officers A, B, C, D, and E) ordered Navarro to leave, ostensibly due to the large size of his group. *Id.* at ¶ 22.

Navarro does not allege that he was arrested or charged with any crime in connection with the two later occasions. The complaint is unclear whether Aurora police officers ordered others who were on the easement but not preaching or opposing abortion to move on those two occasions (as Johnson had on November 16, 2019). *Id.* at ¶¶ 20-22, 27. But at the motion hearing, Doc. 38, Navarro's counsel represented that, on all three occasions, officers did not order others similarly situated but not preaching or opposing abortion to leave the easement.

## Discussion

Navarro asserts claims under § 1983 and state law. Doc. 23 at ¶¶ 23-73. He also moves for leave to file instanter his response to Defendants' motion to dismiss, Doc. 36, as he did not file a response by the twice-extended deadline set by the court, Docs. 30, 32, 36-37.

### I. Navarro's Motion for Leave to File Instanter

After Defendants filed their motion to dismiss, the court set a deadline of August 17, 2022, for Navarro to respond. Doc. 28. On August 17, Navarro moved for an extension, Doc. 29, which the court granted, extending the deadline to September 7, Doc. 30. One day after the new deadline passed, Navarro moved for another extension, Doc. 31, and the court granted the motion and extended the deadline to September 14, Doc. 32. September 14 came and went; Navarro did not file a response, nor did he move for another extension.

On October 6—the day before the scheduled hearing on Defendants' motion to dismiss, *ibid.*—Navarro moved for leave to file instanter a response to Defendants' motion. Doc. 36. Navarro contends that his tardiness should be excused due to (1) his counsel's unspecified

"issues with email", which caused him to miss the court's order setting September 14 as the most recent deadline, and (2) his counsel's numerous (and likewise unspecified) conflicts with deadlines for and obligations to other clients. *Id*. at 1. At the motion hearing, Doc. 38, Navarro's counsel explained that, due to the email error, he did not become aware until later in September of the court's order extending his response deadline to September 14. Navarro's counsel further explained that he did not then file a response brief or move for an extension because he was busy working on other clients' cases.

It is best to consider Navarro's motion for leave to file instanter as a request for an extension of time to respond to Defendants' motion to dismiss. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012) (treating a late motion for leave to file instanter a summary judgment response as a motion to extend the deadline for filing the response). Rule 6(b)(1)(B) provides that when a party moves to extend a deadline that has already passed, the court must deny the motion unless the movant can show that the failure to meet the deadline was the result of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The determination whether a party's neglect is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993) (interpreting a parallel provision of the Bankruptcy Rules); *see also Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015) (applying *Pioneer*'s definition of "excusable neglect" to Rule 6(b)(1)(B)); *Global Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 732 (7th Cir. 2015) (same); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) ("We have held that *Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules."). Relevant circumstances include "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason

for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395; *see also Raymond*, 442 F.3d at 606.

Navarro's excuses for his late motion do not satisfy this standard. That a lawyer is busy with other cases does not excuse him from proactively seeking an extension to an impending deadline. *See Keeton*, 667 F.3d at 883 (rejecting the argument that a lawyer's other professional commitments excused his failure to timely move to extend a deadline); *Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006) ("[I]t is widely accepted that neglect due to a busy schedule is not excusable."). Nor does Navarro's counsel's underexplained email issue justify an extension to the deadline. Counsel knew that the original deadline was August 17; that is why he sought (and the court granted) the first extension. Counsel then knew that the new deadline was September 7; that is why he sought (and the court granted) a second extension. That counsel (supposedly) did not see the most recently set September 14 deadline due to an email glitch does not excuse failing to seek another extension until October 6. If counsel really did not see the order extending the deadline to September 14, then he should have thought that the deadline remained September 7 and filed his response or sought an extension by that date. Because he did not do so until October 6, counsel's email issue does not constitute excusable neglect. *See Johnson v. Gudmundsson*, 35 F.3d 1104, 1111 (7th Cir. 1994) (affirming a district court's denial of a late motion for leave to file a response to a summary judgment motion where counsel invoked as excuses "the combination of an erroneous entry in his diary, a computer glitch, a miscommunication at his office, and his mother's illness"); *Ammons-Lewis v. Metro. Water Reclamation Dist. of Greater Chi.*, 2012 WL 6019013, at *2 (N.D. Ill. Nov. 30, 2012) (rejecting the argument that computer problems excused a lawyer's late motion where the lawyer could

have moved for an extension prior to the deadline).  Accordingly, Navarro's motion to file instanter is denied.

## II.    Defendants' Motion to Dismiss

With his motion to file instanter denied, Navarro is left without a brief opposing Defendants' motion to dismiss.  Navarro's lack of a response brief does not by itself mean that the court may dismiss the complaint in its entirety.  Rather, a failure to respond to a dispositive motion is itself a proper ground for dismissal only where "(1) the nonmovant's action evinces intent to abandon suit; (2) there is failure to prosecute; or (3) dismissal is a sanction for the nonmovant's inaction."  *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021); *see also Bolt v. Loy*, 227 F.3d 854, 855-56 (7th Cir. 2000).  None of those grounds for dismissal obtains here. The court will therefore grant Defendants' motion to dismiss only to the extent that they provide plausible reasons for dismissal.  *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Our system of justice is adversarial, and our judges are busy people.  If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (internal quotation marks omitted); *see also Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) ("It is the defendant's burden to establish the complaint's insufficiency.").

### A.    First Amendment Claim

The First Amendment secures the rights, among others, to the freedom of speech and the free exercise of religion.  "It is axiomatic that the government may not regulate speech based on its substantive content or the message it conveys."  *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 828 (1995).  Governmental policy that targets protected speech based on either the speech's content or viewpoint is unconstitutional unless it satisfies strict scrutiny.  *See*

*Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015); *McCullen v. Coakley*, 573 U.S. 464, 478 (2014).  Likewise, governmental policy that burdens the free exercise of religion and is not neutral and generally applicable is unconstitutional unless it satisfies strict scrutiny.  *See Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531-32 (1993).  Navarro claims that his free speech and free exercise rights were infringed on the three occasions when Aurora police officers ordered him to move from the public easement outside the Planned Parenthood clinic.  Doc. 23 at ¶¶ 23-34.

The court previously held untimely Navarro's First Amendment claim to the extent it is premised on the November 16, 2019, incident.  Navarro did not file this suit until November 23, 2021, which is beyond the applicable two-year statute of limitations.  2022 WL 1988990, at *1.  Nothing in the amended complaint remedies this defect, and the First Amendment claim is accordingly dismissed insofar as it is based on the November 16, 2019, incident.

The two later incidents—occurring on December 22, 2021, and April 16, 2022—are not time-barred.  Defendants argue that the First Amendment claim as to those incidents still fails because Navarro does not identify a specific governmental policy violating his constitutional rights or plausibly allege that he was targeted because of his speech or religious activity.  Doc. 27 at 3-4.  That argument fails, at least at the pleading stage.  Navarro alleges that he was ordered to leave the public easement while—as he clarified at the motion hearing, Doc. 38—those who were not engaged in similar activity were not so ordered.  Doc. 23 at ¶¶ 20-22, 27.  Those allegations state a claim because it is reasonable to infer at the pleading stage that Defendants singled out Navarro because of the topic (abortion) or viewpoint of his speech (anti-abortion) or because of his religious exercise (preaching).  Navarro's First Amendment claim accordingly survives dismissal insofar as it is premised on the two later incidents.

B.      **Fourth Amendment Claim**

As interpreted by the Supreme Court, the Fourth Amendment includes a right against malicious prosecution. *See Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022). A Fourth Amendment malicious prosecution claim fails where the plaintiff cannot show that "his prosecution ended without a conviction," *Towne v. Donnelly*, 44 F.4th 666, 675 (7th Cir. 2022) (internal quotation marks omitted), or "the wrongful initiation of charges without probable cause," *Thompson*, 142 S. Ct. at 1337.

Navarro's prosecution under 625 ILCS 5/11-203 for disobeying a peace officer cannot support his Fourth Amendment malicious prosecution claim because, as noted, the prosecution ended in a conviction. Nor can the dismissed charge for obstructing a peace officer under 720 ILCS 5/31-1 support the claim. Navarro alleges that Johnson ordered him to move from the public easement and that he refused to comply. By his own allegations, then, Johnson had probable cause to arrest Navarro for obstructing a peace officer under Illinois law. *See People v. Synnott*, 811 N.E.2d 236, 227 (Ill. App. 2004) (explaining that "merely refusing a police officer's lawful order to move can constitute interference with the officer in the discharge of his or her duty"); *Migliore v. Winnebago Cnty.*, 321 N.E.2d 476, 479 (Ill. App. 1974) ("A citizen may be found guilty of resisting or obstructing a police officer in the performance of his duty merely be stating that he will not move on when requested to do so by a police officer.").

In his amended complaint, Navarro suggests that probable cause for arrest does not preclude his claims because the charges were initiated pursuant to an official policy of retaliatory prosecution. Doc. 23 at ¶ 47. In support, Navarro cites *Lozman v. City of Riviera*, 138 S. Ct. 1945, 1954-55 (2018), where the Supreme Court held that the presence of probable cause does not bar a First Amendment retaliatory arrest claim where the arrest was made pursuant to an

official policy of retaliatory prosecution. Even assuming that *Lozman*'s First Amendment analysis is pertinent to Navarro's Fourth Amendment malicious prosecution claim, it offers him no help because the complaint includes no factual allegations supporting the inference that his arrest was in fact made pursuant to an official policy of retaliatory prosecution. *See Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 826 (7th Cir. 2022) (explaining that "[b]oilerplate allegations of a municipal policy" do not suffice to show a policy or custom under § 1983) (quoting *Baxter ex rel. Baxter v. Vigo Cnty. Sch. Corp.*, 26 F.3d 728, 736 (7th Cir. 1994)). Navarro's Fourth Amendment malicious prosecution claim is accordingly dismissed.

### C. Fourteenth Amendment Claim

Navarro claims that Defendants violated the Fourteenth Amendment's Due Process Clause by ordering him to move from the public easement. In dismissing Navarro's original complaint, the court held that Defendants' orders were not unconstitutionally vague in violation of due process. 2022 WL 1988990, at *2. Defendants contend, Doc. 27 at 4, and the court agrees, that the amended complaint does not cure this deficiency. Navarro's Fourteenth Amendment claim is therefore dismissed insofar as it alleges that Defendants' orders were unconstitutionally vague.

Defendants fail, however, to address an additional component of the Fourteenth Amendment claim introduced in the amended complaint. Specifically, Navarro claims that Defendants' orders that he leave the public easement violated a 2010 settlement agreement between pro-life organizations and the City of Aurora concerning the right to protest in front of the Planned Parenthood clinic. Doc. 23 at ¶¶ 10, 37; Doc. 23-1. To support that claim, Navarro points to *Cox v. Louisiana*, 379 U.S. 559, 571 (1965), where the Supreme Court held that a criminal defendant's due process rights were violated where city officials had, prior to arresting

the defendant for picketing near a courthouse, told him that his picketing location was acceptable. Navarro's Fourteenth Amendment claim accordingly survives dismissal insofar as it is based on Defendants' alleged violation of the 2010 settlement agreement.

> **D.** **State Law Claims**

Because the parties are not of diverse citizenship, the court's only basis for jurisdiction over Navarro's state law claims is the supplemental jurisdiction under 28 U.S.C. § 1367(a). Defendants do not argue for dismissal of the state law claims on the merits; rather, they contend that the court should relinquish jurisdiction over them pursuant to 28 U.S.C. § 1367(c) after dismissing the § 1983 claims. Doc. 27 at 6. Because the court does not dismiss all of Navarro's § 1983 claims, it declines to relinquish jurisdiction over the state law claims.

<b>Conclusion</b>

Navarro's motion to file instanter is denied, and Defendants' motion to dismiss is granted in part and denied in part. The case will proceed on: the First Amendment claims insofar as they arise from the incidents on December 22, 2021 and April 16, 2022; the Fourteenth Amendment claim insofar as it arises from Defendants' alleged violation of the 2010 settlement agreement; and the state law claims. The claims will proceed against the City of Aurora as well as against the individual defendants because the City's only argument for dismissal under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)—that Navarro fails to plead a violation of his constitutional rights, Doc. 27 at 6—is incorrect. The remaining claims are dismissed with prejudice, as Navarro has already filed an amended complaint and he does not explain how further amendment would remedy the deficiencies identified in this opinion. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts … have broad discretion to deny leave to amend … where the amendment would be futile.") (internal quotation

marks omitted). Defendants shall answer the surviving portions of the operative complaint by January 17, 2023.

December 27, 2022

_____
United States District Judge